Filed 9/24/20  P. v. Martinez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> WILLIAM VASQUEZ MARTINEZ, <br><br> Defendant and Appellant. | F078644 <br><br> (Fresno Super. Ct. No. F18902975) <br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  David Gottlieb, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Peña, Acting P.J., Meehan, J. and DeSantos, J.

## INTRODUCTION

Appellant/defendant William Vasquez Martinez pleaded no contest to a felony offense and was sentenced to state prison. The court ordered him to pay a restitution fine and other fees. While this appeal was pending, the court granted his request to "suspend" the fees because of his inability to pay, pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). In this appeal, the People have not contested the court's decision but suggest the proper remedy is to "strike" the fees.

We order a corrected minute order and abstract of judgment, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On or about April 16, 2017, defendant was an inmate at Pleasant Valley State Prison and found in possession of a controlled substance.

On May 7, 2018, a felony complaint was filed that charged defendant with possession of drugs or alcohol in a jail facility (Pen. Code, § 4573.8),[1] and alleged he had three prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Defendant pleaded not guilty and denied the allegations.

On November 8, 2018, Judge Gottlieb convened the scheduled preliminary hearing. However, the parties advised the court that defendant signed a plea agreement and entered into a negotiated disposition, and that he would plead no contest to the charged offense and admit the three prior strike convictions, based on the court's indicated sentence that it would dismiss two of the three strike convictions and impose the second strike midterm of six years.

As part of the agreement, defendant was advised that in addition to his prison sentence, he could be ordered to pay fines up to $10,000 and a restitution fine between

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

$300 and $10,000. Defense counsel asked the court to "waive the court fees" because he was serving a life term in prison and had been in custody since 2004.[2]

The court replied that it was "not inclined" to set the fines and fees at "zero." The court further stated that the minimum restitution fine was $300 but that $2,400 would be appropriate in this case. "What I have said is considering that he is serving a life term, this Court is willing to set the amount [of the restitution fine] at $1,500. The Court can certainly hold some type of a hearing in that regard. I typically do not do that. And in this particular case the Court is inclined to do immediate sentencing as well."

The court asked defendant if he still wanted to continue with the plea hearing given the intended restitution fine. Defendant said yes.

Defendant pleaded no contest to the charged offense and admitted the three prior strike convictions "[f]or the purposes of this case." The court stated that it was going to "exercise extraordinary discretion," and dismissed two of the strikes as part of the plea agreement pursuant to section 1385.

The court then sentenced defendant to the upper term of three years, doubled to six years as the second strike term, to be served fully consecutive to the term he was already serving in prison.

The court imposed a restitution fine of $1,500 (§ 1202.4) and suspended the parole revocation fine of $1,500 (§ 1202.45); and also imposed a court operations fee of $40 (§ 1465.8) and a criminal conviction fee of $30 (Gov. Code, § 70373).

On January 2, 2018, defendant filed a notice of appeal.

**Section 1237.2 proceedings**

On January 8, 2019, the opinion in *Dueñas* was filed. (*Dueñas*, *supra*, 30 Cal.App.5th 1157.)

---

[2] The plea/sentencing hearing was held before the decision in *Dueñas*.

3.

On March 7, 2019, appellate counsel filed defendant's opening brief with this court, and argued the fees must be stricken pursuant to *Dueñas*.[3]

On March 13, 2019, this court granted appellate counsel's motion to stay further briefing in this appeal so he could file a request with the superior court to reconsider the fees and assessments pursuant to section 1237.2 and *Dueñas*.

On March 18, 2019, appellate counsel filed a request with the superior court to strike the court operations fee of $40 (§ 1465.8) and the criminal conviction assessment fee of $30 (Gov. Code, § 70373), pursuant to *Dueñas* and section 1237.2.[4] Counsel argued defendant did not have the ability to pay the two fees because he had been incarcerated since 2004 and represented by appointed counsel in this case.

On April 9, 2019, Judge Gottlieb, who presided at the plea and sentencing hearing, granted the request. The court filed an amended minute order that again imposed the $1,500 restitution fine, suspended the parole revocation fine, and "suspended" the court operations fee and the criminal conviction fee.

The court also filed an amended abstract of judgment, but the abstract again stated that the two fees had been imposed.

---

[3] The California Supreme Court is currently considering whether trial courts must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments; and if so, which party bears the applicable burden of proof. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, 94–98, review granted Nov. 13, 2019, S257844.)

[4] Defendant's request to the superior court was required to perfect appellate review and comply with section 1237.2, which states that "[a]n appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing."

## DISCUSSION

After the superior court granted defendant's request, this court lifted the stay on briefing.  Defendant has not filed any additional briefs.  The People filed a brief and did not contest the superior court's decision but clarified the proper remedy should have been for the superior court to "strike" instead of "suspend" the two fees.

## DISPOSITION

The superior court is directed to prepare and file a second amended minute order and abstract of judgment to reflect that the section 1465.8 court operations fee of $40 and the Government Code section 70373 criminal conviction fee of $30 are stricken.  A certified copy of the second amended abstract of judgment shall be provided to all appropriate parties.

In all other respects, the judgment is affirmed.